UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

KONSTANTINA TSINIAS,

                      Debtor.

          No. 23-CV-3681 (KMK)

-----------------------------------------------------X

HANDEL & CARLINI, LLP,

                    Appellant,

          OPINION & ORDER

    v.

KONSTANTINA TSINIAS,

                    Appellee.

Appearances:

Anthony C. Carlini, Jr., Esq.
Handel & Carlini, LLP
Poughkeepsie, NY
*Counsel for Appellant*

Devon Salts, Esq.
Salts Law Office
Hopewell Junction, NY
*Counsel for Appellee*

KENNETH M. KARAS, United States District Judge:

       Handel and Carlini, LLP ("Appellant") appeals from the April 5, 2023 Order (the

"Order") and underlying oral decision of the Bankruptcy Court for the Southern District of New

York (the "Bankruptcy Court"), finding Appellant in contempt and ordering that it pay $2,957.50

in attorneys' fees to counsel for Debtor Konstantina Tsinias ("Appellee").  (*See* Not. of Appeal 1,

3 (Dkt. No. 1).)[1]  For the reasons stated below, the Order of the Bankruptcy Court is reversed.

## I.  Background

### A.  Factual Background[2]

#### 1.  The Underlying State Court and Bankruptcy Court Proceedings

On December 10, 2012, Appellant obtained a $9,119.19 judgment against Appellee,

among others, in New York state court.  (*See* Proof of Claim 3-1 Part 2 at 3 (Bankr. Ct. Dkt.).)[3]

Thereafter, Appellee filed for bankruptcy protection under Chapter 7 of the Bankruptcy Code

("Chapter 7") and ultimately received a discharge of her personal debts pursuant to 11 U.S.C.

§ 727 on August 27, 2014.  (Appellee's Br. Ex. A at 2 (Dkt. No. 12-1).)  Appellant received

notice of the discharge order shortly thereafter.  (Appellee's Br. Ex. B at 2 (Certificate of Notice

---

[1] Unless otherwise noted, the Court cites to the ECF-stamped page number in the upper right corner of each page.

[2] Rule 8018 of the Federal Rules of Bankruptcy Procedure requires an appellant to "serve and file with its principal brief excerpts of the record as an appendix."  *See* Fed. R. Bankr. P. 8018(b)(1); *see also* Individual Rules of Practice of the Honorable Kenneth M. Karas § VI ("Briefs [filed in bankruptcy appeals before this Court] *must be submitted* in accordance with Federal Rule of Bankruptcy Procedure 8018." (emphasis added)).  However, Appellant failed to do so.  Although the Court is disappointed by Appellant's failure to comply with the Federal Rules of Bankruptcy Procedure and the Court's Individual Rules of Practice, it will permit the appeal to proceed on the original record.  *See* Fed. R. Bankr. P. 8018(e); *see also Herman v. Pruess (In re Herman)*, No. 22-CV-5624, 2023 WL 3072035, at *5 (S.D.N.Y. Apr. 24, 2023) (explaining that a district court reviewing a bankruptcy court decision may "take judicial notice of the items [on] the underlying [b]ankruptcy [c]ourt [d]ocket").  For clarity, citations to filings on the Bankruptcy Court's docket for *In re Konstantina Tsinias*, No. 22-35215 (Bankr. S.D.N.Y.), will be identified as such by use of "Bankr. Ct. Dkt."
    Where relevant, the Court also cites to the Exhibits appended to Appellee's appellate brief.  *See In re Herman*, 2023 WL 3072035, at *5 (finding it proper for a district court considering an appeal from a bankruptcy court's order to consider "the relevant documents . . . attache[d] to [the] appellee['s] brief").

[3] Appellant claims, without citation, that it represented Appellee "with respect to the defense of claims in a construction case" and that Appellee had "failed to pay accrued legal fees," resulting in the judgment against her.  (Appellant's Br. 7 (Dkt. No. 6).)

indicating that Appellant was mailed notice of the discharge order "by first class mail . . . on Aug[.] 29, 2014") (Dkt. No. 12-2).)

### 2. The Current Bankruptcy Court Proceeding

On April 9, 2022, Appellee filed a voluntary bankruptcy case under Chapter 13 of the Bankruptcy Code ("Chapter 13"). (*See* Chapter 13 Voluntary Petition (Dkt. No. 1, Bankr. Ct. Dkt.).) In her Chapter 13 petition, Appellee listed Appellant as a fully secured creditor. (*See id.* at 20 (listing Appellant on Appellee's Schedule D form, which is entitled "Creditors Who Have Claims Secured by Property"). Specifically, she noted that: Appellant had a claim against her in the amount of $9,119.00; the claim was a "[j]udgment lien from a lawsuit"; Appellee's residential property at 18C Scarborough Lane, Wappingers Falls, NY 12590 (the "Residence") secured the claim; the Residence was worth $165,000; and no portion of the claim was unsecured. (*Id.*)[4]

On May 9, 2022, Appellant filed a proof of claim (the "Proof of Claim") in Appellee's Chapter 13 case, seeking $16,854.69, i.e., the $9,119.19 judgment amount plus $7,735.50 in interest. (*See* Proof of Claim 3-1 at 2 (Bankr. Ct. Dkt.); *see also* Proof of Claim 3-1 Part 2 at 1.)[5] In support of the Proof of Claim, Appellant attached a copy of its New York state court judgment

---

[4] Although the Parties do not mention this aspect of the proceedings before the Bankruptcy Court, the Court notes that Appellee filed a motion on April 29, 2022, asking the Bankruptcy Court to void certain judicial liens against her, including Appellant's lien, pursuant to 11 U.S.C. § 522(f)(1). (*See* Mot. to Avoid Liens (Dkt. No. 11, Bankr. Ct. Dkt.).) In her motion, Appellee explained that the Residence was valued at $165,000, and encumbered by "judicial liens," including Appellant's judgment. (*See id.* at 3–5.) Thus, Appellee asserted that those judicial liens should be voided "in their entirety" because they "impair[ed] the [homestead] exemption to which [Appellee was] entitled pursuant to CPLR 5206 and [N.Y. Debt. & Cred. Law] Article [10-A]." (*Id.* at 4–5.) The Bankruptcy Court granted Appellee's motion, which went unopposed, on August 1, 2022. (*See* Order (Dkt. No. 20, Bankr. Ct. Dkt.).)

[5] The state court judgment against Appellee indicates that interest accrues on the judgment at a rate of "$1.84 per diem." (*See* Proof of Claim 3-1 Part 2 at 3.)

against Appellee.  (*See* Proof of Claim 3-1 Part 2 at 3.)  However, in Section 9 of the Proof of Claim, Appellant checked a box indicating its claim was unsecured, rather than secured.  (*See* Proof of Claim 3-1 at 2.)

On February 7, 2023, Appellee filed a motion in her Chapter 13 case to expunge Appellant's Proof of Claim and for contempt based upon an alleged violation of the discharge injunction stemming from the discharge order in her prior Chapter 7 bankruptcy proceeding (the "Discharge Injunction").  (*See* Mot. for Contempt and Obj. to Proof of Claim ("Contempt Motion") (Dkt. No. 56, Bankr. Ct. Dkt.).)  *See also* 11 U.S.C. § 524(a)(2) (providing that a discharge in a bankruptcy case "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived").  In support of her Contempt Motion, Appellee asserted that Appellant had violated the Discharge Injunction because it had filed its Proof of Claim in the Chapter 13 case as "an unsecured administrative debt," even though it had "actual knowledge of the discharged personal liability on its debt since . . . 2014."  (*Id.* at 2–3.)  Appellant opposed the motion on March 27, 2023, arguing, inter alia, that: Appellee herself had identified Appellant as a secured creditor in her Chapter 13 bankruptcy petition; notwithstanding the Discharge Injunction, Appellant "retain[ed] an in rem claim against [Appellee's bankruptcy estate]"; and, although its Proof of Claim "was improperly labeled as an unsecured claim[,] [a]n objective observer [could] easily ascertain that it is a secured claim[] as the attachments to the [Proof of Claim] include the Statement of Judgment and the Dutchess County Clerk Statement of Judgment."  (*See* Aff. in Opp'n 1–2 (Dkt. No. 67, Bankr. Ct. Dkt.).)

On March 14, 2023 the Bankruptcy Court heard oral argument on Appellee's Contempt Motion.  (*See* Hearing Tr. (Dkt. No. 73, Bankr. Ct. Dkt.).)  Appellee reiterated her arguments that the Proof of Claim "clearly states [that it is] unsecured" and that Appellant was "also stating [the Proof of Claim was] an administrative claim."  (*Id.* at 3.)  She went on to argue that Appellant had "actual knowledge of [the Chapter 7] discharge and yet, [it was] seeking to collect on the discharged debt."  (*Id.* at 3–4.)  In response, Appellant admitted that "the claim was mislabeled," but pointed the Bankruptcy Court to the fact that documentation demonstrating that it was a secured judgment creditor was attached to the Proof of Claim itself.  (*Id.* at 4.)  In addition, Appellant noted that Appellee had listed Appellant as a secured creditor in her Chapter 13 bankruptcy petition and further argued that a secured creditor can file a proof of claim in a post-Chapter 7, Chapter 13 proceeding (i.e., a so-called "Chapter 20 case"), notwithstanding a prior discharge order because its claim is in rem, rather than in personam.  (*See id.*)

In response to Appellee's rebuttal that the Proof of Claim "clearly, clearly state[d] [that it was for an] unsecured [claim,]" Appellant began to explain that "[i]t was just mislabeled," but the Bankruptcy Court interjected and, to use its word, "yell[ed]" at Appellant, suggesting that it was unacceptable for the Proof of Claim to be mislabeled given Appellant's experience practicing before the Bankruptcy Court.  (*Id.* at 5.)  The Bankruptcy Court further expressed its view that "[y]ou don't look at the claim[] itself," but instead "[y]ou look at what you filed with the [Bankruptcy] Court."  (*Id.* at 6.)

Ultimately, the Bankruptcy Court granted Appellee's Contempt Motion orally.  (*See id.* at 8–9.)  In doing so, it explained that Appellant's Proof of Claim "present[ed] an unsecured claim" and therefore violated the Discharge Injunction.  (*Id.* at 7–8.)  Additionally, the Bankruptcy Court stated that "[alt]hough the nature of the claim is clarified in the opposition to [the

Contempt Motion] and *may be permissible*, if amended, it has not been amended and still operates as pressure to make payment."  (*Id.* at 7 (emphasis added); *see also id.* at 7–8 ("[Appellant] *may have a claim* . . . but that is not what the Proof of Claim, as filed, represents." (emphasis added); *id.* at 8–9 ("[Appellant's] defense that a proof of claim is appropriate because it retains an in rem claim . . . *might be accurate* if it were filed correctly." (emphasis added).) The Bankruptcy Court then proceeded to impose contempt sanctions against Appellant pursuant to 11 U.S.C. § 105 in the form of the attorneys' fees and costs associated with "bringing and defending" the Contempt Motion.  (*Id.* at 8–9.)[6]

On April 5, 2023, the Bankruptcy Court issued its Order imposing sanctions on Appellant.  (*See* Order (Dkt. No. 75, Bankr. Ct. Dkt.).)  Specifically, it ordered Appellant to pay $2,957.50 in attorneys' fees to Appellee's counsel.  (*See id.*)[7]  In the months following Appellant's decision to appeal the Bankruptcy Court's Order, (*see* Not. of Appeal), the Bankruptcy Court dismissed Appellee's Chapter 13 case—on the Chapter 13 Trustee's motion—for failure to make plan payments on August 23, 2023, (*see* Order (Dkt. No. 97, Bankr. Ct. Dkt.)), and closed the case on October 12, 2023, (*see generally* Bankr. Ct. Dkt.)  Appellee did not oppose the Chapter 13 Trustee's motion to dismiss.  (*See* Letter from Devon Salts, Esq. to Bankruptcy Court (Dkt. No. 96, Bankr. Ct. Dkt.).)

---

[6] In its oral ruling, the Bankruptcy Court declined to impose any punitive sanctions, although it noted that it was "incredibly disappointed" and "completely disappointed" with Appellant.  (Hearing Tr. 8–9.)

[7] The Bankruptcy Court's Order erroneously identifies the case as arising under Chapter 7 and lists the wrong case number.  (*See* Order (Dkt. No. 75, Bankr. Ct. Dkt.).)  It appears that this error is attributable to the fact that Appellee herself included the wrong case number and identified the case as arising under Chapter 7 in her affirmation in support of her claimed attorneys' fees.  (*See* Aff. of Devon Salts, Esq. (Dkt. No. 74, Bankr. Ct. Dkt.).)

B.  Procedural History

The Court describes the procedural history of this Action only as relevant to deciding the instant Appeal.  Appellant filed its Notice of Appeal on May 2, 2023.  (*See* Not. of Appeal.)  On June 7, 2023, Appellant filed its opening brief.  (Appellant's Br.)  After requesting and receiving two extensions of time to file her response, (*see* Dkt. Nos. 7–10), Appellee filed her brief in opposition and accompanying papers on July 28, 2023, (*see* Appellee's Br. (Dkt. No. 12)).[8] Appellant filed its reply on August 9, 2023.  (Appellant's Reply (Dkt. No. 13).)

II.  Discussion

A.  Standard of Review

District courts have jurisdiction to review final bankruptcy orders.  *See* 28 U.S.C. § 158(a)(1) ("The district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . of bankruptcy judges . . . ." (footnote omitted)); *In re DBSD N. Am., Inc.*, 634 F.3d 79, 88 (2d Cir. 2011) (noting that district courts have jurisdiction to "review all final judgments, orders, and decrees of the bankruptcy courts" (citation omitted)). "[A] bankruptcy judge's order is final if it completely resolve[s] all of the issues pertaining to a discrete claim, including issues as to the proper relief."  *Pegasus Agency, Inc. v. Grammatikakis (In re Pegasus Agency, Inc.)*, 101 F.3d 882, 885 (2d Cir. 1996) (quotation marks omitted).  The Bankruptcy Court's Order here, which found Appellant to be in contempt and ordered it to pay Appellee's counsel $2,957.50 in attorneys' fees, is a reviewable final order.  *See Internal Revenue Serv. v. Starling (In re Starling)*, Nos. 20-CV-7478, 20-CV-7954, 2021 WL 5547307, at *3–6 (S.D.N.Y. Sept. 16, 2021) (deciding an appeal of a bankruptcy court's order granting a

---

[8] Appellee also filed a duplicate copy of her brief in opposition and accompanying papers on July 27, 2023.  (*See* Dkt. No. 11.)  The only difference between these two filings appears to be that Appellee's Certification of Compliance pursuant to Federal Rule of Bankruptcy Procedure 8015 was not included in her July 27, 2023 filing.

debtor's contempt motion); *see also Zaks v. Mosdos Chofetz Chaim Inc. (In re Mosdos Chofetz Chaim Inc.)*, No. 22-CV-3371, 2023 WL 2707331, at *6–9 (S.D.N.Y. Mar. 30, 2023) (same); *cf. Kossoff v. Togut (In re Kossoff PLLC)*, Nos. 22-122-BK, 22-124-BK, 2023 WL 5662748, at *2 (2d Cir. Sept. 1, 2023) (summary order) (explaining that a bankruptcy court's order holding a party in contempt and imposing a coercive sanction constituted an appealable "final order").

In general, "[a] district court reviews a bankruptcy court's conclusions of law de novo, its discretionary decisions for abuse of discretion, and its findings of fact for clear error." *In re Mosdos*, 2023 WL 2707331, at *5 (quoting *Ridgewood Savings Bank v. Depietto (In re Depietto)*, No. 20-CV-8043, 2021 WL 3287416, at *4 (S.D.N.Y. Aug. 2, 2021)). "A bankruptcy court's award of sanctions, including findings of contempt, are reviewed for abuse of discretion." *PHH Mortg. Corp. v. Sensenich (In re Gravel)*, 6 F.4th 503, 511 (2d Cir. 2021) (citing *Solow v. Kalikow (In re Kalikow)*, 602 F.3d 82, 91 (2d Cir. 2010)). "A bankruptcy court 'necessarily abuses its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.'" *Id.* (quoting *In re Kalikow*, 602 F.3d at 91); *see also Harris v. Albany Cnty. Off. (In re Harris)*, 464 F.3d 263, 268 (2d Cir. 2006) ("A . . . court abuses its discretion when it applies legal standards incorrectly or relies upon clearly erroneous findings of fact, or proceeds on the basis of an erroneous view of the applicable law." (quotation marks and alteration omitted)).

When reviewing a bankruptcy court's order in its appellate capacity under 28 U.S.C. § 158(a)(1), a district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." *Hyde Park v. DeFlora Lake Dev. Assocs., Inc. (In re DeFlora Lake Dev. Assocs., Inc.)*, 629 B.R. 354, 358 (S.D.N.Y.

2021) (quotation marks omitted) (quoting *In re Bernard L. Madoff Inv. Sec.*, LLC, No. 15-CV-1151, 2016 WL 183492, at *8 (S.D.N.Y. Jan. 14, 2016)).[9]

B. Analysis

On appeal, Appellant argues that, among other things, the Bankruptcy Court erred in finding that its Proof of Claim violated the Discharge Injunction simply because it was inadvertently classified as an unsecured claim rather than a secured claim. (*See* Appellant's Br. 7, 19–20.) For her part, Appellee contends that the Bankruptcy Court properly determined that the Proof of Claim violated the Discharge Injunction, given that it was labeled as unsecured on its face. (Appellee's Br. 5, 10–13.)[10]

In a bankruptcy case, a discharge order "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2); *see also In re Starling*, 2021 WL 5547307, at *3 (same). Thus, a discharge order issued by a bankruptcy court "bars creditors from attempting to collect any debt covered by the [discharge] order." *Taggart v. Lorenzen*, 587 U.S. — ,139 S. Ct.

---

[9] Although "the quoted language, formerly found in Rule 8013, is no longer contained in the Federal [] Rules of [Bankruptcy] Procedure, 'logic still compels the same conclusion with respect to the appellate powers of the [d]istrict [d]ourt.'" *In re DeFlora*, 629 B.R. at 358 n.5 (quoting *In re Madoff*, 2016 WL 183492, at *8 n.14).

[10] Although Appellee maintains on appeal that Appellant's Proof of Claim asserts an "administrative" claim, (Appellee's Br. 5–6), it is unclear to the Court why she continues to do so. As far as the Court can tell, Appellant never argued that its claim is "administrative." Indeed, in its Proof of Claim Appellant indicated that its claim was *not* "entitled to priority under 11 U.S.C. § 507(a)," which identifies "administrative expenses" as priority claims. *See* 11 U.S.C. § 507(a). (*See also* Proof of Claim 3-1 at 3.) Perhaps in an effort to support this assertion, Appellee appears to have annotated documents related to the Proof of Claim pulled from the Bankruptcy Court's electronic filing system, to highlight that a certain "Admin." entered the Proof of Claim on the docket on Appellant's behalf. (Appellee's Br. Ex. C at 8, 10 (Dkt. No. 12-3).) However, those annotations do nothing to suggest that the Proof of Claim was meant to assert an "administrative" claim.

1795, 1799 (2019).  "Together the [discharge] order and injunction aim to prevent debtors from

being 'pressured' to repay discharged debts."  *Bruce v. Citigroup Inc.*, 75 F.4th 297, 302 (2d Cir.

2023) (quoting *In re Kalikow*, 602 F.3d at 96).

     "Like many parties aggrieved by the violation of an injunction outside of the bankruptcy

context, aggrieved debtors have resorted to civil contempt proceedings to vindicate their rights

under the discharge order."  *Id.*; *see also DiBattista v. Selene Fin. LP (In re DiBattista)*, 615 B.R.

31, 38 (S.D.N.Y. 2020) (explaining that 11 U.S.C. § 524(a)(2), together with 11 U.S.C.

§ 105(a)—which itself empowers a bankruptcy court to, inter alia, issue any order that is

necessary or appropriate to carry out the provisions of the Bankruptcy Code—"authorize a court

to impose civil contempt sanctions when there is no objectively reasonable basis for concluding

that the creditor's conduct might be lawful under the discharge order" (quoting *Taggart*, 139 S.

Ct. at 1801)).  As relevant here, "a court may hold a creditor in civil contempt for violating a

discharge order if there is *no fair ground of doubt* as to whether the order barred the creditor's

conduct."  *Taggart*, 139 S. Ct. at 1799 (emphasis in original) ("[C]ivil contempt may be

appropriate if there is no objectively reasonable basis for concluding that the creditor's conduct

might be lawful."); *see also Bruce*, 75 F.4th at 301 (explaining that, in *Taggart*, "the Supreme

Court held that a bankruptcy court may hold a creditor in civil contempt when there is

objectively 'no fair ground of doubt' that the alleged violator's action did, in fact, violate the

[applicable] discharge [order]" (citation omitted)).

     Notwithstanding the foregoing, the Supreme Court has separately clarified that "a

bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action

against the debtor in personam—while leaving intact another—namely, an action against the

debtor in rem."  *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991) (italics omitted); *see also*

*id.* at 82–83 ("A defaulting debtor can protect himself from personal liability by obtaining a discharge in a Chapter 7 liquidation.  However, such a discharge extinguishes only the personal liability of the debtor." (citation and quotation marks omitted)).  Thus, secured creditors' in rem claims survive discharge orders in Chapter 7 cases, such that those creditors may file in rem claims in follow-on Chapter 13 proceedings.  *See, e.g.*, *In re Modikhan*, No. 19-46591, 2021 WL 5312396, at *18 (Bankr. E.D.N.Y. Nov. 15, 2021) (concluding that, under *Johnson*, certain secured creditors were each entitled to file a proof of claim in a Chapter 13 proceeding, notwithstanding the existence of prior Chapter 7 discharge order); *see also In re Hopper*, No. 21-70139, 2021 WL 3435445, at *1 (Bankr. E.D.N.Y. Aug. 5, 2021) (explaining that *Johnson* "held that a mortgage lien for which the debtor no longer has personal liability due to the [C]hapter 7 discharge is still a 'claim' as defined under the [Bankruptcy] Code which may be treated in the debtor's subsequent [C]hapter 13 case"); *In re Eppolito*, 583 B.R. 822, 827 (Bankr. S.D.N.Y. 2018) (noting that "it is well settled that a creditor's right to foreclose on a mortgage survives or passes through bankruptcy" (citing, inter alia, *Johnson*, 501 U.S. at 83)).

Here, there appears to be no dispute that Appellant was entitled to file a Proof of Claim asserting its secured in rem claim based on the state court judgment against Appellee.  (*See generally* Appellant's Br.; Appellee's Br.)  Even the Bankruptcy Court conceded as much.  (*See* Hearing Tr. 7 (stating, with respect to the assertion that Appellant maintained a viable in rem claim against Appellee's Residence, that such a claim "may be permissible, if [the Proof of Claim were] amended"); *see also id.* at 7–8 ("[Appellant] may have a claim . . . but that is not what the Proof of Claim, as filed, represents."); *id.* at 8–9 ("[Appellant's] defense that a proof of claim is appropriate because it retains an in rem claim . . . might be accurate if it were filed correctly.").)  And, in this Court's view, Appellant did just that.  When it filed its Proof of Claim,

Appellant attached a copy of its New York state court judgment to demonstrate that it held a secured claim.  (*See* Proof of Claim 3-1 Part 2 at 3.)  The fact that the Proof of Claim itself indicates that the claim was not secured appears to have been no more than a mistake.  (*See* Proof of Claim 3-1 at 2.)[11]  Appellee's contrary assertion that the Court should look to the Proof of Claim alone and conclude that Appellant must have sought to recover on an unsecured debt, (*see* Appellee's Br. 8–10), is tantamount to asking the Court to bury its head in the sand and, in any event, is belied by the fact that Appellee herself admitted that Appellant was a secured judgment creditor—with the same approximately $9,119.00 claim sought in the Proof of Claim, save accrued interest—when she initiated the Chapter 13 case underlying this appeal, (*see* Chapter 13 Voluntary Petition at 20).

The Court therefore finds that the Bankruptcy Court's conclusion to the contrary—that the Proof of Claim asserted an unsecured claim in violation of the Discharge Injunction—was erroneous, because it impermissibly elevated form over substance.  *See Va. Elec. & Power Co. v. Caldor, Inc.-N.Y.*, 117 F.3d 646, 650 (2d Cir. 1997) (noting that, "in bankruptcy proceedings[,] substance should not give way to form[]" (quoting *Consumer News and Bus. Channel P'ship v. Fin News Network Inc. (In re Fin. News Network Inc.)*, 980 F.2d 165, 169 (2d Cir.1992))); *see also Stark v. Pryor (In re Stark)*, No. 20-CV-4766, 2022 WL 2316176, at *6 n.5 (E.D.N.Y. June 28, 2022) (same); *In re Servicom, LLC*, No. 18-31722, 2021 WL 825155, at *14 (Bankr. D. Conn. Feb. 24, 2021) ("[B]ankruptcy courts, as an element of their equity powers, have the ability to ensure that substance will not give way to form, and that technical considerations will not prevent substantial justice from being done." (alteration in original) (quotation marks

---

[11] It should be clear from this Opinion and Order that counsel must take care to avoid such errors in the future.

omitted) (quoting *Adelphia Commc'ns Corp. v. Bank of Am., N.A. (In re Adelphia Commc'ns Corp.)*, 365 B.R. 24, 73 (Bankr. S.D.N.Y. 2007))); *cf. In re Viencek*, 273 B.R. 354, 358 (Bankr. N.D.N.Y. 2002) (declining to allow a debtor to expunge a proof of claim based on the creditor's "failure to disclose its principal" because doing so "would be to elevate form over substance").[12] Simply put, the Bankruptcy Court chose to ignore the facts on the record before it and consequently failed to apply the applicable legal standard under *Johnson*.  *See In re Gravel*, 6 F.4th at 511 (explaining that a "bankruptcy court necessarily abuses its discretion if it based its ruling on an erroneous view of the law" (quotation marks omitted)).[13]

The Bankruptcy Court's reliance—and Appellee's continued reliance here—on the Eleventh Circuit's decision in *Green Point Credit, LLC v. McLean (In re McLean)*, 794 F.3d 1313 (11th Cir. 2015) is misplaced.  (*See* Hearing Tr. 7; Appellee's Br. 11–13.)  Putting aside the fact that *In re McLean* does not bind this Court, the facts in that case are readily distinguishable from those presented here.  In that case, there was no dispute that the creditor had an *unsecured* claim against the debtors, which was discharged via a Chapter 7 proceeding.  *See In re McLean*, 794 F.3d at 1317.  Additionally, that creditor filled a proof of claim in a follow-on Chapter 13 case for the same *unsecured*, *discharged* debt.  *See id.*  In affirming the bankruptcy court's

---

[12] In light of the holding herein, there was necessarily no basis for the Bankruptcy Court to sanction Appellant.  Thus, the Court need not address Appellants' additional argument that the finding of contempt here ran afoul of *Taggart*, which, again, held that contempt sanctions are appropriate only where there is "no objectively reasonable basis for concluding that the creditor's conduct might be lawful."  139 S. Ct. at 1799.  As noted *supra*, however, it seems clear that Appellant was entitled to seek to recover on its judicial lien under *Johnson*, at least at the time the Proof of Claim was submitted.

Further, the Court recognizes that this outcome may remain cold comfort to Appellant, given that the Bankruptcy Court previously voided its judicial lien, (*see* Order (Dkt. No. 20, Bankr. Ct. Dkt.)), which determination is not challenged on appeal.

[13] Moreover, it bears highlighting that neither Appellee nor, indeed, the Bankruptcy Court are immune from submitting court filings containing inadvertent errors.  *See supra* notes 7–8.

conclusion that the creditor violated the relevant discharge injunction, the Eleventh Circuit panel found it notable that the proof of claim had "triggered an increase in the [debtor's] projected bankruptcy payment plans." *Id.* at 1322–23 ("This projected increase created the kind of pressure to which [11 U.S.C. § 524(a)(2)] is sensitive[.]")  Here, by contrast, it is undisputed that Appellant held a *secured* claim, which was not discharged through Appellee's Chapter 7 case as against her Residence under *Johnson*.  Nor is it disputed that, at the time the Proof of Claim was filed, Appellant retained that secured in rem claim.  Finally—and at the risk of gilding the lily— there is no evidence or allegation here that Appellee felt any pressure to repay Appellant as a result of the Proof of Claim, or that the Proof of Payment could possibly give rise to higher Chapter 13 plan payments.

In closing, the Court notes that it is unclear whether Appellee means to argue that the Proof of Claim would violate the Discharge Injunction even if it were properly considered to be asserting a secured, in rem claim.  However, to the extent she means to raise such an argument, that determination should be made in the first instance by the Bankruptcy Court applying the proper substantive law.  *See Super Nova 330 LLC v. Gazes*, 693 F.3d 138, 144 (2d Cir. 2012) ("[B]ecause of the [b]ankruptcy [c]ourt's specialized knowledge, we deem it wise to permit the parties to brief and argue the [relevant legal] issue before that court in the first instance."); *Harrah's Atl. City Operating Co. v. Lamonica (In re JVJ Pharmacy Inc.)*, 630 B.R. 388, 410 (S.D.N.Y. 2021) (remanding a case to the bankruptcy court "to consider [disputed] issues in the first instance after conducting any further fact-finding [that it] deem[ed] appropriate").

III.  Conclusion

For the foregoing reasons, the Order of the Bankruptcy Court is reversed and the case is remanded to the Bankruptcy Court for any other necessary proceedings consistent with this decision.  The Clerk of Court is respectfully directed to terminate the pending appeal and close this case.

SO ORDERED.

Dated:   February 21, 2024
         White Plains, New York

_____
        KENNETH M. KARAS
     United States District Judge